The last case today, number 241228, Janine Cavalcanti-Viana Guedes et al. v. Alejandro Mayorkas et al. Will counsel for appellants please come up and introduce yourself on the record to begin. Philippe Alexander on behalf of appellants. May I please the court, can I have one minute for rebuttal? You may. Thank you so much, Your Honor. Your Honor, this case is exactly what happens when USCIS officers feel that they have the unfettered discretion to abuse power. Counsel, we're a court of appeals. The question is whether the district court erred in finding that under the Patel case and under the statute it lacked jurisdiction. Address that issue, please. Of course, Your Honor. We believe they did, they did err. Section 1252 is focusing on the swift removal of criminal aliens and those that have orders of removal. If we look at that entire section, the word removal appears over 22 times. Order of removal, 15 times. However, if Congress had wanted to exclude people outside of removal proceedings from judicial review, they could have said so. But the word outside doesn't appear once. Agency doesn't appear once. Counsel, isn't the specific provision, which is I believe 1252A2B, I hope I have all the subparts correct, it says that it precludes judicial review of decisions regardless of whether they're made in removal proceedings. So doesn't it do exactly what you just said? It is omitted? Your Honor, our position is no. And our position is that the statutory construction permitted by CUCANA and other courts and other cases from the Supreme Court allow us to analyze divergent interpretations. If divergent and reasonable interpretations of a statute, if one of them allows for judicial review, we should adopt that. So what is the interpretation that we are proposing? The interpretation is that that one-liner that has been used before, that could mean and it does mean in everyday practice that people in removal proceedings, they often apply for all kinds of relief with USCIS to avoid being removed. This could be a petition for a religious worker, a labor certification, a U visa, and 1252 and Congress with ERA, they wanted to consolidate all of those issues into one petition for review before the Court of Appeals. And so that is the interpretation that we are profiting here today, Your Honor. It does not necessarily mean looking at the whole statutory scheme that they wanted to exclude people who were not in removal proceedings. We believe that this interpretation is more consistent with the statutory scheme and with the history, as well as the several times that the Supreme Court has addressed these issues in previous cases. For example, in Guerrero-Las Priyas, they read into subsection D that questions of law means mixed questions of law and fact. In Nasrallah, they read into it that can't review a factual issue is permissible, even though they are closely related to a final order, they felt that since it doesn't affect the validity of the order, it gave them enough leeway to be able to do that. So the courts have repeatedly said that if a certain interpretation will allow for judicial review, they want to avoid foreclosure of judicial review, and this kind of statutory construction is permissible, and that's what we're asking this Court to do. But, Counsel, here it's quite different because there's explicit text that says there is no judicial review of decisions under 1255, regardless of whether the decision or action is made in removal proceedings. So it's not a question of reading something in. It would be a question of reading something explicit out. So I'm still not quite understanding why that very specific language doesn't undermine your argument here. Your Honor, there are applications where people in removal proceedings, once in removal, they could file that with USCIS, for example, and there could be an interplay between the agencies. And so this interpretation allows us to see that this section was not meant to bar everyone from judicial review. In this case, we're also challenging the procedure that the USCIS officer followed or did not follow, Your Honors. He could have issued a notice of intent to revoke, but that requires finding gross error of the previous application. That requires finding some kind of fraud, and there wasn't anything like that. So he took an effort to use the 485 to question the National Interest Waiver and the I-140, which is a ticket to this line that says you have this paper, and one day you might be able to get a green card. But he totally undermined it with his decision on purpose. This case is filled with malice. But malice can't trump Congress's manifest intent. The sentence that Judge Eichelman read is absolutely clear and makes no exceptions for malice or for anything else. So I'm struggling to know how we, without not only ignoring the statute, but also ignoring the Supreme Court's words in Patel, can do what you would have us do, Counsel. Your Honor, if actions with the malice that happened in this case, if they are issues that are not regarding a judgment, so, for example, he's looking at you were pregnant, and therefore you're not well-positioned to... But the sentence doesn't say regarding a judgment. It says regarding removal proceedings, and Patel makes it, I think, very clear that we're not limited to judgments. Well, correct, Your Honor, but it still has to be regarding that decision. If it's something so collateral, it can be reviewed. And we cited a case in our brief from the Fourth Circuit of Williams that says that certain collateral issues not regarding that judgment can be reviewed. And so he's talking about her being pregnant, and she's not able to advance her endeavor, and the fact that she is still not fully proficient in English, even though she had been making the effort to get her license. All these collateral issues show the kind of malice that we're talking about, and that would make it reviewable. And, Your Honor, you reiterate... You have a separate Administrative Procedure Act claim, which was also dismissed. Are you saying that that claim, the dismissal as to that has to be reversed? Yes, Your Honor. The agency says there's no final decision here. It's just been a revocation of a work permit, and ultimately, you will be before an immigration judge and can have a hearing at that time. What's wrong with our reasoning? Your Honor, so we allude that to the Canal case, I believe, from the Eleventh Circuit that we cite in our brief. And in Canal, the I-129 had been revoked. We know that officially the I-140 has not been revoked. However, it has been so undermined and eroded that any reasonable immigration judge is going to look at that and say, I don't think I have jurisdiction here. The same agency that held that the I-140 was approvable based on the NIW is now saying that she's not. I can't exercise jurisdiction. Based on misrepresentations of what she said in order to get the work permit. Okay. Is there anything else? Your Honor. Counsel, you had argued, I don't know if this is what you were just referring to, but you had said that the IJ wouldn't be able to consider all of your client's arguments in the context of a withholding of removal proceeding. Can you explain why all of your client's arguments can't be aired and fully addressed in the proceeding before the IJ? Yes, Your Honor. For the IJ to hear the 485, it has to have jurisdiction over the claimant. And to give them jurisdiction, there has to be an approved I-130, or in this case, an I-140. That, although not officially revoked, it has to stand on something. This I-140 is approved because she's eligible for a National Interest Waiver. Let me see the other issues. But the 485 from the agency completely undermines his basis of jurisdiction. He's going to look at his I-140 and says, wait a second, but this same agency is now saying that you're not eligible. I don't have jurisdiction over your case. How can I exercise it if you're no longer eligible? And it wasn't in the denial decision. It appears you're not eligible. It says you are not eligible for the National Interest Waiver as a matter of discretion. Totally undermines the I-140 and any basis for the IJ to exercise jurisdiction. We're going to be back here soon if that happens. Thank you. Thank you. Thank you, Counsel. Will Attorney for Appelese please come up and introduce yourself on the record to begin? Good afternoon, Your Honors. And may it please support Anissa Ahmed for Appelese. Speak up. Anissa Ahmed for Appelese. First, I'd like to address one specific claim that my friend on the other side made, which is to say that the IJ does not have jurisdiction. The IJ does have jurisdiction over a renewed I-45 that appellants can lodge during their removal proceedings. In terms of the I-140 and the National Interest Waiver, that has not been revoked. That is a fundamental mischaracterization of the facts of this case. The I-140 continues to be valid. It has been approved. It has not been revoked, as is the National Interest Waiver, which is intrinsically tied to the I-140. That said, in removal proceedings, the IJ can look at the packet of information before themselves and see that there is an approved I-140 and National Interest Waiver, and check that box and move on to a determination about whether or not appellants would qualify for adjustment of status. And that is also what happened here. The USCIS reviewed whether or not appellant was qualified, whether she was eligible, for adjustment of status and concluded that she was not. That determination was based on her inadmissibility and her ineligibility for an I-140 and National Interest Waiver. That same determination can be renewed and can be made in the first instance by the IJ here. So the issue here is not that the IJ will look at USCIS's decision and just not make any conclusions of their own. Additionally, we would reiterate again, I think as this panel understands, that Patel is dispositive of this case, as is the plain text of USC 1252A2B1. Here, there is no parsing through the language. This was an adjustment of status application that was denied pursuant to 1255. And because of that and the explicit language in 1252A2B1, the lower court in this court does not have jurisdiction to review this case. With that, I would welcome the court's questions. Judge Sal, you do have any questions? I have none. Thank you. Thank you very much. Thank you, counsel. Counsel for the appellant, please come up and reintroduce yourself on the record. You have a one-minute rebuttal. Thank you, Your Honor. I'm Felipe Alexander on behalf of appellants. So immigration judges simply don't check boxes and move on. They do anything but. They're very diligent and they're very meticulous. They're going to look at the record as a whole, and they're going to determine that, wait a second, this I-140 is severely being called into question. And government seems to think that, oh, even if they do question that, somehow they can re-adjudicate the NIW. That's not their job. They can't re-adjudicate the NIW. So what this officer has done, with all the malice that's in the record, is really set Ms. Guedes up and put her in a very difficult position. And so we're asking that this be reviewed and be remanded with an officer that is really going to look at the record. As far as the evidence and misrepresentation, he issued a notice of intent to deny it, and there was a 250-page response. In the denial, he dismissed all the evidence submitted, letters and certificates, as, oh, it's not probative and not probative, even though some of the letters talked about the malice it took on in the interview. Of course, this is not probative because it's very convenient for him to say that. Thank you, Your Honors, for your time. I hope you exercise jurisdiction over this matter. Thank you. Thank you. That concludes arguments in this case.